**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| ROBERT CAMPBELL, individually and on behalf of all others similarly situated,<br><br>     *Plaintiff*,<br><br>  v.<br><br>VALVOLINE INC.,<br><br>     *Defendant*. | Case No. 1:26-cv-00291-JRS-TAB |

**CASE MANAGEMENT PLAN**

**I.**      **Parties and Representatives**

      A.     Plaintiff: Robert Campbell, individually and on behalf of all others similarly situated

            Defendant: Valvoline, Inc.

      B.     Plaintiff's Counsel:

            William M. Sweetnam
            SWEETNAM LLC
            230 Northgate Street, Suite 230, Lake Forest, Illinois 60045
            (847) 877-2970
            wms@sweetnamllc.com

            Defendant's Counsel:

            George A. Gasper
            Christina Laun Fugate
            ICE MILLER
            One American Square, Ste 2900
            Indianapolis, IN 46282
            (317) 236-2100
            george.gasper@icemiller.com
            christina.fugate@icemiller.com

4926-8468-7263.5

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.  Jurisdiction and Statement of Claims

A.  **Plaintiff's Position**:  This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(d)(2) because (a) there are 100 or more class members, (b) at least one class member is a citizen of a state that is diverse from Defendant's citizenship, and (c) the aggregate matter in controversy exceeds $5,000,000, exclusive of interest and costs.

B.  **Defendant's Position**:  At this time, Defendant does not have sufficient information to dispute that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(d)(2) because (a) there are 100 or more class members, (b) at least one class member is a citizen of a state that is diverse from Defendant's citizenship, and (c) the aggregate matter in controversy exceeds $5,000,000, exclusive of interest and costs.

C.  **Plaintiffs' Claims/Position**:  This action is brought by Plaintiff individually and on behalf of the class of vehicle owners defined herein who went to Valvoline to have their engine oil changed and were given oil that did not meet the vehicle manufacturer's specifications. Plaintiff alleges that, unbeknownst to Plaintiff and the proposed class whose vehicles have the same or similar oil specifications, Valvoline used oil of a different viscosity thereby causing them out of pocket loss for the amounts they paid for the service in addition to decreased performance, engine damage and loss of warranty coverage.  Based on the foregoing, Plaintiff seeks classwide relief for breach of contract, breach of the implied warranty of fitness for a particular purpose, violation of the Indiana Deceptive Consumer Sales Act and unjust enrichment.

D.  **Defendant's Claims/Position**:  Defendant denies that its alleged conduct in this case gives rise to liability for breach of contract, breach of the implied warranty of fitness for a particular purpose, a violation of the Indiana Deceptive Consumer Sales Act, or unjust enrichment.  In addition to disputing the merits of those claims, Defendant will oppose class certification at the appropriate time, as Defendant believes Plaintiff will not be able to meet Federal Rule of Civil Procedure 23 certification requirements.

- 2 -

### III.  **Pretrial Pleadings and Disclosures**

A.  The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **May 11, 2026**.

B.  Plaintiff shall file preliminary witness and exhibit lists on or before **May 18, 2026**.

C.  Defendant shall file preliminary witness and exhibit lists on or before **May 26, 2026**.

D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **July 11, 2026**.

E.  Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **July 11, 2026**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto **within 21 days after receipt of the proposal**.

F.  Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any liability expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before [Plaintiff's Position - **February 11, 2027**] [Defendant's Position – **November 20, 2026**]. Defendant(s) shall disclose the name, address, and vita of any liability expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C), on or before [Plaintiff's Position – **March 11, 2027**] [Defendant's Position – **January 8, 2027**]. (For the sake of clarity, Defendant reserves the right to request that any expert testimony regarding motor oil weight be disclosed prior to Defendant responding to any class certification motion.)

G.  Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, or if Plaintiff intends to use expert testimony in connection with a motion for class certification, such expert disclosures must be served on opposing counsel no later than **90 days prior to the dispositive motion deadline or the filing of Plaintiff's motion for class certification**. Plaintiff further agrees to disclose any experts required by Paragraph F above at least sixty days before moving for class certification. If such expert disclosures are served, the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

4926-8468-7263.5

H.      Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **October 15, 2027**.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **August 17, 2027**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of each witness's expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      <u>Discovery of electronically stored information ("ESI")</u>.  Unless otherwise agreed by the parties or ordered by the Court, the parties agree that all ESI will be produced in a format consistent with the Production Format Protocol, attached hereto as **Exhibit 1**.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV.   <u>Discovery[1] and Dispositive Motions</u>

A.      Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

**Plaintiff's Position**:  Plaintiff believes this case may be appropriate for summary judgement in favor of Plaintiff and the proposed class. Plaintiff believes discovery

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

4926-8468-7263.5

will show there is no dispute as to any material fact alleged by him and that Defendant is liable to Plaintiff and the proposed class on each of the counts in the Complaint.

**Defendant's Position**: If discovery commences, Defendant believes this case is appropriate for summary judgment because Defendant believes it can show that it is not liable for breach of contract, breach of the implied warranty of fitness for a particular purpose, a violation of the Indiana Deceptive Consumer Sales Act, or unjust enrichment. It is premature for Defendant to state whether expert discovery will be needed and the length of such discovery until resolution of any pre-discovery motions and the commencement of fact discovery.

B. On or before **February 19, 2027**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Non-expert and expert discovery relating to liability issues shall be completed by **February 12, 2027**; all remaining discovery shall be completed by **September 29, 2027**. Any damages experts not disclosed pursuant to Paragraph F shall be disclosed by Plaintiff on or before June 30, 2027 and by Defendant on August 15, 2027.

D. Dispositive motions are expected and shall be filed by **March 15, 2027.**

E. Defendant proposes the following briefing schedule on any motion for class certification: Plaintiff shall file his motion for class certification on or before **March 1, 2027**; any response to a motion for class certification shall be filed on or before **April 9, 2027**; and any reply in support of a motion for class certification shall be filed on or before **April 30, 2027**. Plaintiff objects to this proposal, as the timing or appropriateness of any motion for class certification is dependent upon the completion and outcome of any necessary discovery.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

## V.    Pre-Trial/Settlement Conferences

The parties recommend a settlement conference in **February 2027**.

## VI.    Trial Date

- 5 -

4926-8468-7263.5

This matter will be ready for trial in or after [Plaintiff's Position - **September 2027**] [Defendant's Position **– January 2028**].  The trial is by **Jury** and is anticipated to take **five days**.

**VII.   Referral to Magistrate Judge**

A.   **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.   **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.   Required Pre-Trial Preparation**

A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.   Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.   brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

4926-8468-7263.5

      b.      if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.    <u>Other Matters</u>

None.

**SO AGREED AND SUBMITTED:**

/s/ William M. Sweetnam_____     Date: \_April 16, 2026_____
William M. Sweetnam
Counsel for Plaintiff
SWEETNAM LLC


/s/ George A. Gasper (with permission by     Date: \_April 16, 2026_____
William M. Sweetnam)
George A. Gasper
Counsel for Defendant
ICE MILLER LLP

4926-8468-7263.5

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPARATE ORDER |
| | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY _____ |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

4926-8468-7263.5